UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURO PADILLA,<br>CDCR #F-55326,<br><br>                              Plaintiff,<br><br>vs.<br><br>SCOTT KERNAN, et al.,<br><br>                              Defendants. | Case No.: 3:16-cv-02339-BEN-PCL<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEES OR MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1914(a) AND 28 U.S.C. § 1915(a)** |

MAURO PADILLA ("Plaintiff"), currently incarcerated at Centinela State Prison ("CEN") in Imperial, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims the Secretary of the California Department of Corrections and Rehabilitation and eight CEN officials denied his right to free exercise of religion in violation of the First, Fourth, Eighth and Fourteenth Amendments, as well

1

as the Religious Land Use and Institutionalized Persons Act ("RLUIPA") when they refused to provide him kosher meals between March 2015 and May 2016. (ECF No. 1 at 3-7.) Plaintiff seeks declaratory and injunctive relief as well as nominal, compensatory, and punitive damages. (*Id.* at 8-9.)

## I.   Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, prisoners must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1  account for the past six months, or (b) the average monthly balance in the account for the
2  past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C.
3  § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then
4  collects subsequent payments, assessed at 20% of the preceding month's income, in any
5  month in which his account exceeds $10, and forwards those payments to the Court until
6  the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

7  Plaintiff did not pay the filing fee required to commence a civil action, nor has he
8  filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a)(1) and (2). Therefore, his
9  case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Motion for Appointment of Counsel

Plaintiff has also filed a boilerplate Motion for Appointment of Counsel pursuant to 18 U.S.C. § 3006A, enacted as part of the Criminal Justice Act ("CJA"). Plaintiff claims such an appointment would serve the interests of justice in ensuring his "one and only opportunity to litigate before this court under the AEDPA [Antiterrorism and Effective Death Penalty Act]." (ECF No. 2 at 4.)

Section 3006A provides counsel as a matter of right to most indigent *criminal defendants*, from pre-trial proceedings through appeal. *See* 18 U.S.C. § 3006A(a)(1), (c) (emphasis added); *United States v. Brown*, 785 F.3d 1337, 1345 (9th Cir. 2015). In addition, the statute authorizes courts to appoint counsel for federal habeas petitioners when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(b); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015). This is not a criminal case and Plaintiff has not filed a habeas corpus petition, therefore neither the AEDPA nor 18 U.S.C. § 3006A apply.

Moreover, the Constitution provides no right to the appointment of counsel in a civil case. *Lassiter v. Dept. of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for *indigent* persons in IFP cases, but this discretion is exercised only under "exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015,

1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, even liberally construing Plaintiff's request under § 1915(e)(1), the appointment of counsel is unwarranted. First, as explained above, Plaintiff has not filed a Motion to Proceed IFP, along with a certified copy of his prison trust account activity for the 6-month period immediately preceding the filing of the Complaint or any affidavit sufficient to show he is indigent. *See* 28 U.S.C. § 1915(a) & (b). Second, while the Court has yet to conduct its initial screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2), a preliminary review of his pleading does not indicate Plaintiff's inability to articulate the factual bases for his claims, or his likelihood of success of the merits at this initial stage of the proceedings.[2] *Palmer*, 560 F.3d at 970; *Terrell*, 935 F.2d at 1017.

---

[2] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $400 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be screened before service and may be dismissed pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays or is obligated to pay filing fees. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity"). The Court notes that Plaintiff admits to having filed a state habeas corpus action in Imperial County Superior Court, EHC02041, in May 2016, which appears to address the same denial of kosher meals at issue in this case. *See* ECF No. 1 at 6 ¶ 30 & Exs. Q, S, T; *see also Furnace v. Giurbino*, No. 13-17620, 2016 WL 5439760 (9th Cir. Sept. 29, 2016) (affirming district court's dismissal of § 1983

## III. Conclusion and Order

Accordingly, the Court:

(1) **DENIES** Plaintiff's Motion for Appointment of Counsel [ECF No. 2];

(2) **DISMISSES** this action sua sponte without prejudice for failing to pay the $400 civil filing and administrative fee or submit a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a);

(3) **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to re-open this case by: (a) prepaying the entire $400 civil filing and administrative fee in full; or (b) completing and filing a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint as is required by 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b); and

(4) **DIRECTS** the Clerk of the Court to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis." If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 45 days, his case will remain dismissed without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements and without further Order of the Court.

**IT IS SO ORDERED.**

Dated: October 24, 2016

Hon. Roger T. Benitez
United States District Judge

---

complaint filed by prisoner who alleged same "primary right" in previous state habeas petition on grounds of claim preclusion).