FILED

17 FEB 15 AM 11:34

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURO PADILLA, CDCR #F-55326, <br><br> Plaintiff, <br><br> vs. <br><br> SCOTT KERNAN, et al., <br><br> Defendants. | Case No.: 3:16-cv-2339-BEN-PCL <br><br> **ORDER DENYING PLAINTIFF'S MOTIONS TO PROCEED IN FORMA PAUPERIS, TO COMPEL PRISON OFFICIALS TO PROVIDE TRUST ACCOUNT STATEMENTS, AND FOR PRELIMINARY INJUNCTIVE RELIEF** <br><br> [ECF Nos. 4, 6, 8, 13] |

MAURO PADILLA ("Plaintiff"), currently incarcerated at Centinela State Prison ("CEN") in Imperial, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") and eight CEN officials denied his right to free exercise of religion in violation of the First, Fourth, Eighth and Fourteenth Amendments, as well as the Religious Land Use and Institutionalized Persons Act ("RLUIPA") when they refused to provide him Kosher meals between March 2015 and May 2016. (ECF No. 1 at 3-7.) Plaintiff seeks declaratory and injunctive relief as well as nominal, compensatory, and punitive damages. (*Id.* at 8-9.)

1

## I. Procedural History

On October 25, 2016, the Court denied Plaintiff's Motion for Appointment of Counsel and dismissed the case because Plaintiff failed to either prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a), or file a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a) (ECF No. 3). Plaintiff was granted 45 days leave to re-open the case by doing either. (*Id.* at 5.)

Plaintiff has since filed two separate Motions to Proceed IFP (ECF Nos. 4, 13), neither of which complies with 28 U.S.C. § 1915(a)(2)'s requirement that he "submit a certified copy of [his] trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of [his] complaint." 28 U.S.C. § 1915(a)(2); *see also Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Instead, he has filed a "Motion to Compel," in which he "ask[s] the Court to [c]ompel the respondents['] agents to forward the ... trust account statement'" required by 28 U.S.C. § 1915(a)(2) to either the Court or to him, as well a Motion for a Preliminary Injunction and a Temporary Restraining Order ("TRO") (ECF No. 8), which seeks to enjoin Defendants from tampering with his mail, engaging in excessive cell searches, cancelling his Kosher diet without justification, and permitting him "two celebrations per year for ... Messianic Judaism services." (ECF No. 8 at 1-2.)

## II. Motions to Proceed IFP

As Plaintiff is aware, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite failure to prepay the entire fee only if Plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of outcome. *See* 28 U.S.C. § 1915(b)(1) & (2);

1  *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

2       Section 1915(a)(2) requires all persons seeking to proceed without full prepayment
3  of fees to submit an affidavit that includes a statement of all assets possessed and
4  demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th
5  Cir. 2015). In support of this affidavit, section 1915(a)(2) also clearly requires that
6  prisoners, like Plaintiff, "seeking to bring a civil action . . . without prepayment of fees
7  . . . *shall* submit a certified copy of the trust fund account statement (or institutional
8  equivalent) . . . for the 6-month period immediately preceding the filing of the
9  complaint." 28 U.S.C. § 1915(a)(2) (emphasis added); *Andrews v. King*, 398 F.3d 1113,
10 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an
11 initial payment of 20% of (a) the average monthly deposits in the account for the past six
12 months, or (b) the average monthly balance in the account for the past six months,
13 whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28
14 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects
15 subsequent payments, assessed at 20% of the preceding month's income, in any month in
16 which his account exceeds $10, and forwards those payments to the Court until the entire
17 filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

18      Because neither of Plaintiff's Motions to Proceed IFP comply with 28 U.S.C.
19 § 1915(a)(2), the Court is unable to assess the appropriate amount of the initial filing fee
20 which may be statutorily required to initiate the prosecution of this case. Therefore, both
21 his Motions to Proceed IFP (ECF Nos. 4, 13) must be DENIED. *See* 28 U.S.C.
22 § 1915(b)(1).

23 **III.**   <u>**Motion to Compel**</u>

24      Acknowledging that his IFP Motions are incomplete, Plaintiff also seeks a court
25 order compelling CEN trust account officials, none of whom are named as parties to this
26 action, "to forward the ... trust account statement'" required by 28 U.S.C. § 1915(a)(2) to
27 either the Court or to him. (ECF No. 6 at 1-2.) Plaintiff requests that the Court order CEN
28 trust account officials to cease "hindering" his access to the court by "refusing to

[provide] the certified copy of [his] trust account statement." (ECF No. 17 at 1-2.)

In support of his Motion, Plaintiff has attached photocopies of two inquiries he first made on September 27, 2016, to the CEN mailroom staff via a CDCR 22 Inmate/Parolee Request for Interview, Item or Service Form (ECF No. 6 at 3), and another on October 14, 2016, to an unidentified library clerk, both requesting information regarding the status of his certified trust account statements. (*Id.* at 5.) In response to his September 27, 2016 inquiry, a CEN official informed Plaintiff his trust account statement "was included" in legal mail that was delivered to him on September 12, 2016. (*Id.* at 3.) Plaintiff's CDCR 22 Form dated October 14, 2016, which he filed in this Court on October 27, 2016, indicates only that his renewed request for a 6-month trust account certificate was "forwarded to another staff" member. (*Id.* at 5.)

First, section 1915(a)(2) clearly provides that "prisoner[s] seeking to bring a civil action ... without prepayment of fees ... in addition to filing the affidavit [required by § 1915(a)(1)] *shall* submit a certified copy of the trust fund statement" required to support their IFP applications, and that they may do so by "obtain[ing] [them] from the appropriate official of [the] prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(1), (2). Indeed, California "[i]nmates *shall* be issued [trust] account statements upon their written request from the Trust Office that reflects [their] current balance, provided 90 days have elapsed since their previous request." Cal. Dept. Corr. & Rehab. OPERATIONS MANUAL § 54070.4 (2016) (emphasis added); *see also* CAL. CODE REGS. tit. 15, § 3133(c) (2016) (governing procedure for processing "Confidential Mail with Inmate Trust Account Withdrawals").

Plaintiff does not allege to have properly complied with these regulations, and "[a]lthough it may take some time for the prison to [respond to Plaintiff's written request]," "each prison has a procedure" to ensure compliance with 28 U.S.C. § 1915(a)(2). *Smith v. Escrow & Cnty Treas.*, 2008 WL 111074 at *1 (E.D. Cal. Jan. 9, 2008). Plaintiff must follow those procedures; and while he objects that "many inmates are having the same problems," (ECF No. 10 at 2), IFP Motions, accompanied by

certified copies of inmate trust funds account statements, are filed by California state prisoners in this Court on an almost daily basis. "[U]tter noncompliance by prison officials in this [regard] is not a problem this Court has encountered before." *Id.* at *1.

Second, the Court has no authority to "compel" CEN trust account officials, none of whom are named or have yet to be served as parties in this matter, to provide his trust account statements to the Court on his behalf. *See e.g., Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication.") (citation and internal quotation omitted); *see also Smith,* 2008 WL 111074 at *1 (finding Court had "no authority" to "compel the trust account office to complete [a prisoner's IFP] application.").

For these reasons, the Court DENIES Plaintiff's Motion to Compel (ECF No. 6). It will, however, GRANT Plaintiff additional time in which to submit another written request to CEN trust account officials pursuant to Cal. Dept. Corr. & Rehab. OP. MAN. § 54070.4, and to follow any other procedures established at CEN for procuring his trust fund account statements. Like all other prisoner litigants, Plaintiff may attach them to a renewed Motion to Proceed IFP, which the Clerk of Court will provide.

## IV. Motion for TRO/Preliminary Injunctive Relief

Finally, Plaintiff has also filed a Motion for Preliminary Injunction and TRO (ECF No. 8) enjoining Defendants from tampering with his legal mail, conducting excessive cell searches, cancelling his Kosher diet without justification, and requiring them to permit two celebrations per year for Messianic Judaism, and to provide him "food with religious symbolism for Holy Days." (ECF No. 8 at 2.)

Pursuant to FED. R. CIV. P. 65(a), "[t]he Court may issue a preliminary injunction only on notice to the adverse party," and it may issue a TRO without written or oral notice only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65 (b)(1)(A).

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." FED. R. CIV. P. 65(d)(2)(A)-(C).

First, Plaintiff's Motion was filed with the Clerk of Court, but he has provided no proof of its service or actual notice upon any party. (ECF No. 8 at 5.) Moreover, because he has yet to be granted leave to proceed IFP, his Complaint has yet to be screened pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and no U.S. Marshal Service has yet to be effected pursuant to 28 U.S.C. § 1915(d) and FED. R. CIV. P. 4(c)(3) upon any named Defendant. Therefore, the Court cannot grant Plaintiff injunctive relief because it has no personal jurisdiction over the persons he seeks to enjoin. *See* FED. R. CIV. P. 65(a)(1), (d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at 727-28; *Ruhrgas AG*, 526 U.S. at 584.

Second, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, __ U.S. __, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

6

3:16-cv-2339-BEN-PCL

Plaintiff claims, in an unverified memorandum offered in support of his Motion (ECF No. 19), only broadly and without further explanation, that his "legal mail has been given to him opened various times," and that CEN staff has denied him the "opportunity to practice his faith." (*Id.* at 1-2.) These allegations, without more at this preliminary stage of the case, are simply insufficient to establish either that he is likely to prevail on the merits or that he faces any immediate or irreparable injury in the absence of extraordinary injunctive relief. *See Winter*, 555 U.S. at 20. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citations omitted). A plaintiff must do more than merely allege imminent harm, he must *demonstrate* it. *Id; see also Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1022 (9th Cir. 2016).

Accordingly, Plaintiff's Motion for Preliminary Injunction and TRO (ECF No. 8) is also DENIED.

## V. Conclusion and Order

For the reasons discussed, the Court:

1) **DENIES** Plaintiff's Motion to Compel (ECF No. 6);

2) **DENIES** Plaintiff's Motion for Preliminary Injunctive Relief and TRO (ECF No. 8);

3) **DENIES** Plaintiff's Motions to Proceed IFP (ECF Nos. 4, 13) and **DISMISSES** this civil action without prejudice based on Plaintiff's failure to comply with 28 U.S.C. § 1915(a)(2); and

4) **GRANTS** Plaintiff forty-five (45) days from the date of this Order in which to re-open his case by either: (1) paying the entire $400 statutory and administrative filing fee, or (2) filing a new Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).

///

5) The Court **DIRECTS** the Clerk to provide Plaintiff with another Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this matter. If Plaintiff neither pays the $400 filing fee in full nor sufficiently completes and files the attached Motion to Proceed IFP, together with a certified copy of his trust account statement within 45 days, however, this action will remained dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED.**

Dated: February 14, 2017

Hon. Roger T. Benitez
United States District Judge