UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURO PADILLA,<br>CDCR #F-55326,<br><br>                              Plaintiff,<br><br>        vs.<br><br>SCOTT KERNAN, et al.,<br>                            Defendants. | Case No.: 3:16-cv-02339-BEN-PCL<br><br>**ORDER:**<br><br>**1) GRANTING RENEWED MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**<br>**[ECF No. 21]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

     MAURO PADILLA ("Plaintiff"), currently incarcerated at Centinela State Prison (CEN) in Imperial, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims the Secretary of the California Department of Corrections and Rehabilitation (CDCR) and eight CEN officials denied his right to free exercise of religion in violation of the First, Fourth, Eighth and Fourteenth

Amendments, as well as the Religious Land Use and Institutionalized Persons Act (RLUIPA) when they refused to provide him kosher meals between March 2015 and May 2016. (ECF No. 1 at 3-7.) Plaintiff seeks declaratory and injunctive relief as well as nominal, compensatory, and punitive damages. (*Id.* at 8-9.)

## I. Procedural History

On October 25, 2016, the Court denied Plaintiff's Motion for Appointment of Counsel and dismissed the case because Plaintiff failed to either prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a), or file a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a) (ECF No. 3). Plaintiff was granted 45 days leave to re-open the case by doing either. (*Id.* at 5.)

Plaintiff responded by filing two separate Motions to Proceed IFP (ECF Nos. 4, 13), neither of which complied with 28 U.S.C. § 1915(a)(2)'s requirement that he "submit a certified copy of [his] trust fund account statement (or institutional equivalent) … for the 6-month period immediately preceding the filing of [his] complaint." 28 U.S.C. § 1915(a)(2); *see also Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). In conjunction with these Motions, Plaintiff filed a Motion seeking the Court's assistance in compelling "respondents['] agents to forward the … trust account statement" required by 28 U.S.C. § 1915(a)(2) to either the Court or to him, as well a Motion for a Preliminary Injunction and a Temporary Restraining Order (TRO) (ECF No. 8), which sought to enjoin Defendants from tampering with his mail, engaging in excessive cell searches, cancelling his Kosher diet with justification, and permitting him "two celebrations per year for … Messianic Judaism services." (ECF No. 8 at 1-2.)

On February 15, 2016, the Court denied Plaintiff's Motion for TRO, as well as his Motions to Proceed IFP and to Compel (ECF No. 20). However, the Court again granted Plaintiff leave to file a properly supported Motion to Proceed IFP within 45 days. (*Id.* at 7-8.)

///
///

1  On March 13, 2017, Plaintiff filed a renewed Motion to Proceed IFP, together with a copy of his inmate trust account statements as required by 28 U.S.C. § 1915(a)(2) (ECF No. 21).

## II. Plaintiff's Renewed Motion to Proceed IFP

As Plaintiff is now well aware, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

///

In support of his renewed IFP Motion, Plaintiff has finally submitted a copy of his CDCR Inmate Statement Report (ECF No. 21 at 6-8), together with a prison certificate completed by an accounting official at CEN attesting to his trust account activity. (*Id.* at 4); *see* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff had an average monthly balance of $66.27, and average monthly deposits of $34.17 to his account over the 6-month period immediately preceding the filing of his Complaint, as well as an available balance of $55.62 at the time of filing. Based on this financial information, the Court GRANTS Plaintiff's Renewed Motion to Proceed IFP (ECF No. 21), and assesses his initial partial filing fee to be $13.25 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Secretary of the CDCR, or his designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

**III.    Screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the PLRA also requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these

statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

///

As currently pleaded, the Court finds Plaintiff's Complaint contains free exercise of religion claims sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *Holt v. Hobbs*, 135 S. Ct. 853, 862-67 (2015) (setting forth standards for RLUIPA claim in context of prison grooming regulations); *Hartmann v. Cal. Dept. of Corr. & Rehab.*, 707 F.3d 1114, 1122-25 (9th Cir. 2013) (discussing pleading requirements for prisoner's RLUIPA, First Amendment free exercise, and Fourteenth Amendment claims).

Accordingly, the Court will direct the U.S. Marshal to effect service upon the Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## IV. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Renewed Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 21).

///

---

[1] The Court notes that exhibits attached to Plaintiff's Complaint suggest some, if not all, of his claims may be precluded by virtue of his having filed a state habeas corpus action in Imperial County Superior Court, EHC02041, in May 2016, which appears to address the same denial of kosher meals at issue in this case. *See* ECF No. 1 at 6 ¶ 30 & Exs. Q, S, T; *Furnace v. Giurbino*, 838 F.3d 1019 (9th Cir. 2016) (affirming district court's dismissal of § 1983 complaint filed by prisoner who alleged same "primary right" in previous state habeas petition on claim preclusion grounds). Claim preclusion, however, is an affirmative defense. *Clements v. Airport Auth. Of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995); *Armenta v. Paramo*, No. 3:16-CV-02931 BTM-KSC, 2017 WL 1336922, at *3 (S.D. Cal. Apr. 5, 2017).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $13.25 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint (ECF No. 1), and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

6. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been on Defendants or

their counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants may be disregarded.

**IT IS SO ORDERED**.

Dated: June 20, 2017

_____
Hon. Roger T. Benitez
United States District Judge