UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURO PADILLA,<br><br>                    Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>                    Defendant. | Case No.: 3:16-cv-02339-BAS-PCL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |

## **I. INTRODUCTION**

Before this Court now is Plaintiff Mauro Padilla ("Plaintiff"), a state prisoner at Centinela State Prison, proceeding *pro se* and *in forma pauperis*. Plaintiff has filed a motion for appointment of counsel, requesting the Court appoint counsel to represent Plaintiff in this matter. (Doc. 46 at 1.) This request is based on 28 U.S.C. § 1915(e)(1) which states "the court may request an attorney to represent any person unable to afford counsel." *Id*.

Plaintiff filed the instant suit based on Centinela Prison staff's denial of Plaintiff's request to participate in the Jewish Kosher Diet Plan ("JKDP"). (*See generally* Doc. 1.) While at this point in time, Plaintiff has been reinstated in the JKDP, Plaintiff alleges his suit is still proper and his injuries are not yet moot because he has suffered damages which were not fully remedied by Centinela's reinstating Plaintiff in the JKDP.

1

Specifically, Plaintiff alleges he spent over $1,600[1] purchasing kosher food from the commissary, and as a result of Plaintiff's limited funds to do so, Plaintiff lost 39 pounds between March 26, 2015 and January 12, 2016. (Doc. 1 at 9, 115-139.)

Petitioner has filed a motion for appointment of counsel previously in this case. (Doc. 2.) This original motion was filed concurrently with the complaint, but was denied by the Court on procedural grounds as well as the Court finding Plaintiff's ability to "articulate the factual bases for his claims" adequate to proceed *pro se*. (Doc. 3 at 4.)

## **II. LEGAL STANDARD**

Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive but instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Only "rarely" will a federal court find a case to be so complex that it is appropriate to appoint counsel for a civil litigant who faces no loss of liberty in the controversy at hand. *See Dotson v. Doctor*, 2014 U.S. Dist. LEXIS 72791 *1 n.1 (E.D. Cal. May 28, 2014) ("Counsel is appointed in civil cases such as this only rarely, if exceptional circumstances exist"); *United States v. Melluzzo*, 2010 U.S. Dist. LEXIS 53053 *3 (D. Ariz. May 3, 2010) ("[A]ppointment of counsel in a civil case is rarely invoked . . . ");

---

[1] Plaintiff provided this amount in his complaint. (Doc. 1 at 9.) However, per the Court's calculations, the actual amount spent by Plaintiff, as provided in his receipts attached as Exhibit U was $1,404.27. (*Id.* at 95-110.)

2

*see also Schwartzmiller v. Roberts*, 1994 U.S. Dist. LEXIS 1620 *3 n.1 (D. Or. Feb. 11, 1994) ("It is extremely rare that indigent civil defendants are appointed counsel in judicial proceedings").

### III. DISCUSSION

In this case, Plaintiff has alleged that when Centinela Prison staff denied Plaintiff from the JKDP, Plaintiff was deprived of his First, Fourth, Eighth, and Fourteenth Amendment rights. (Doc. 1 at 8, 15.) In Plaintiff's motion for appointment of counsel, Plaintiff does not put forth arguments which show any of these claims are likely to succeed on the merits. *See Hill v. Oakley*, 2014 U.S. Dist. LEXIS 193595 (D. Nev. May 9, 2014) (denying motion because Plaintiff failed to put forth any facts showing his claims were likely to succeed). Instead, Plaintiff simply cites to the strain his imprisonment imposes upon his ability to litigate his claim. (Doc. 46 at 1.) Additionally, Plaintiff claims the issues he has raised are "complex, and will require significant research and investigation." (*Id.*) Finally, Plaintiff argues an attorney would be better able to present evidence and cross examine witnesses, especially in the event conflicting testimony is introduced. (*Id.* at 2.)

In listing these reasons as the only grounds for the Court to appoint counsel to assist Plaintiff, Plaintiff has not only failed to meet the first requirement to show this case includes "exceptional circumstances," but also failed to show the claims are so complex that Plaintiff cannot adequately represent himself. While Plaintiff has not shown his claim is likely to succeed at trial, Plaintiff has not discussed his claim at all in his motion. Thus, this motion cannot succeed without such a showing.

Similarly, Plaintiff seems well able to represent himself in this case. Apart from the complaint filed in this Court in the current case, Plaintiff has also filed a petition for writ of habeas corpus in the Superior Court of California, alleging the claims made herein. (*Id.* at 69.) In doing so, Plaintiff seemingly presented valid and coherent arguments, as the Superior Court requested an informal response to questions posed by Plaintiff. (*Id.*) A prisoner incapable of representing himself likely would not have been able to receive

1 | such treatment of his petition. Additionally, Plaintiff has filed numerous motions in this
2 | case and successfully defended a motion to dismiss. (*See*, *e.g.*, Doc. 41.)
3 |     Because Plaintiff has not shown his claims are likely to succeed, nor has Plaintiff
4 | shown he is incapable of adequately representing himself on complex claims, the Court
5 | cannot find reason to appoint counsel to assist Plaintiff. Accordingly, Plaintiff's motion
6 | for appointment of counsel is **DENIED**.
7 |     IT IS SO ORDERED.
8 | Dated: February 13, 2018

Hon. Peter C. Lewis
United States Magistrate Judge